6/22/2020 5:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43910357
By: Adiliani Solis
Filed: 6/22/2020 5:34 AM

## Case No. _____

| | | |
|---|---|---|
| KEDRIC CRAWFORD,<br>PLAINTIFF, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF BAYTOWN, KEITH | § | _____JUDICIAL DISTRICT |
| DOUGHERTY, TEDDY SIMS, | § | |
| AND OFFICER DOE, | § | |
| DEFENDANTS. | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiff, Kedric Crawford ("Plaintiff" or "Mr. Crawford"), files this Original Petition against Defendants, City of Baytown ("Baytown"), Chief Keith Dougherty ("Chief Dougherty"), Teddy Sims ("Sims"), Teddy Sims's partner, Officer Doe[1] ("Doe") (collectively "Defendants"), and in support thereof show as follows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 discovery plan.

### II. PARTIES

---

[1] Plaintiff's investigation revealed that Samuel Serrett is likely the party who is addressed as Officer Doe. Upon affirmation, Plaintiff reserves the right to amend this Original Petition to add the appropriate party in lieu of Officer Doe.

1

2.      Plaintiff, Mr. Crawford, is an individual residing in Harris County, Texas.

3.      Defendant, City of Baytown, is a municipal corporation located in the State of Texas and incorporated under the laws of the State of Texas and is located within the boundaries of Harris County.  It may be served with citation through the city manager or Mayor Brandon Capetillo or wherever he may be found.

4.      Defendant, Chief Keith Dougherty, is an individual who may be served with citation at his place of employment located at 3200 N. Main Street, Baytown, Texas 77521, or wherever he may be found. Dougherty is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

5.      Defendant, Sims, is an individual who may be served with citation at his residence located at 308 Sleepy Hollow Drive, Apartment 513, Cleveland, Texas 77327. Sims may also be served with citation at his place of employment, Baytown Police Department, 3200 N. Main Street, Baytown, Texas 77521, or wherever he may be found. Sims is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

6.      Defendant, Doe, is an individual who may be served with citation at his place of employment located at his place of employment at 3200 N. Main Street, Baytown, Texas 77521, or wherever he may be found. Doe is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

**III. JURISDICTION AND VENUE**

7.      Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b). This Court has jurisdiction over Defendants City of Baytown, Dougherty, Sims, and Doe because they are citizens of the State of Texas and they engaged in concerted wrongful activity which is the subject of this lawsuit. Further, the City of Baytown does business in the State of Texas and is therefore subject to the jurisdiction of the State of Texas.

8.      Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which Plaintiff deems himself entitled. *See* Tex. R. Civ. P. 47(c), (d).

9.      Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV. FACTUAL BACKGROUND

*Sims and Officer Doe's Excessive Use of Force and Illegal Arrest of Mr. Crawford*

10.     This suit arises from the excessive use of force and wrongful arrest by Sims and Doe against Mr. Crawford.

11.     On July 6, 2019, Mr. Crawford was traveling through Baytown, Texas.

12.     For safety reasons, Mr. Crawford pulled over in a H-E-B parking lot to set his GPS navigation device, to safety make a call, and determine whether to grab a snack or

continue driving.

13.     Sims and his partner, Officer Doe, approached Mr. Crawford as he was exiting his vehicle.

14.     Sims and Officer Doe claimed that they approached Mr. Crawford because they suspected that he was intoxicated.

15.     Sims harassed Mr. Crawford for a few minutes by repeatedly asking him whether he had guns, switchblades, drugs, or paraphernalia in his car.

16.     Mr. Crawford truthfully answered no.

17.     Sims asked to search Mr. Crawford for weapons, and Mr. Crawford revealed that he had a can of mace on his person.

18.     He invited Sims to take custody of the mace from him without incident.

19.     Mr. Crawford was confused by the encounter, but at Sims's request, Mr. Crawford voluntarily consented to a search of his car.

20.     He stood near the front of his car while Sims and Officer Doe searched his car.

21.      At no time during the search, neither Sims nor Officer Doe found anything illegal in Mr. Crawford's car.

22.     Mr. Crawford had no outstanding warrants.

23.     Still puzzled by the encounter, Mr. Crawford voluntarily stated that he had car insurance for his vehicle to Sims and Officer Doe.

24.     Sims remarked, "Okay! And, what does that have to do with anything?"

4

25.    Mr. Crawford asked, "So, when am I free to go?"

26.    Officer Sims replied, "Whenever, man!"

27.    To verify what Sims had just told him, Mr. Crawford asked, "Whenever?"

28.    Answering in the affirmative, Sims said, "Yeah."

29.    As Mr. Crawford attempted to walk towards his car door and leave, Sims and Officer Doe immediately moved towards Mr. Crawford and grabbed him without any explanation.

30.    Mr. Crawford had his mother on hold on his phone as she listened to the encounter.

31.    Sims tried to put Mr. Crawford's hands behind his back. Mr. Crawford continued his motion to leave.

32.    Sims held Mr. Crawford's hands behind his back and threatened to "freakin' drop" him as Mr. Crawford pleaded for the reasons for the sudden restraint and detainment.

33.    Mr. Crawford made no attempts to resist the arrest, but rightly inquired about his abrupt detainment after being told he was free to go.

34.    Sims told Officer Doe, "I'm taking him down!"

35.    Sims and Officer Doe violently slammed Mr. Crawford to the pavement, tased him many times, and struck him with several elbow strikes and closed-fist blows.

36.    While the officers were tasing him, Mr. Crawford repeatedly begged, "Please don't kill me! Please don't kill me!"

37.     Mr. Crawford was unable to move voluntarily due to the voltage and shocks from the taser gun.

38.     Despite their control of Mr. Crawford and use of the taser gun on Mr. Crawford, the officers allowed an H-E-B employee, who was much larger than Mr. Crawford to sit on top of Mr. Crawford.

39.     Officer Doe and Sims welcomed the unsolicited assistance of the H-E-B employee while they continued viciously attacking Mr. Crawford.

40.     Mr. Crawford was never a threat of harm to the officers or anyone else to warrant the unreasonable use of force against him.

41.     He was never given the opportunity to comply in response to any verbal commands.

42.     After the officers' attack, Sims and Officer Doe illegally arrested Mr. Crawford.

43.     At no time before or during the entire encounter did Sims or Officer Doe tell Mr. Crawford that they sought to arrest him for committing a crime.

44.     In fact, they had no reasonable suspicion or probable cause to detain Mr. Crawford, let alone arrest him.

45.     They were aware that they had no reasonable suspicion or probable cause to detain Mr. Crawford since they rightfully advised him he was free to go.

46.     Sims or Officer Doe had no legitimate basis for Mr. Crawford's arrest, and essentially kidnapped Mr. Crawford.

47.    Later, Sims and Officer Doe alleged that they found drugs in Mr. Crawford's vehicle.

48.    The drugs in question were antibiotics that were legally prescribed to Mr. Crawford.

49.    The antibiotics were located in a standard-issued, orangish color medication bottle with a white child proof top and Mr. Crawford's name was on the attached prescription label.

50.    Mr. Crawford had already identified himself so the defendant officers were aware his name matched the prescription bottle.

51.    His eyes were swollen shut due to the beating he received from the three men.

 

52.    There is released body-worn camera footage that captured much of the incident, but not in its entirety.

53.    The released footage does not depict the men striking Mr. Crawford in the face, but the defendants also admit they struck him in the face several times with closed fist.

54.    As a result of the attack by Sims and Officer Doe, and the H-E-B employee Mr. Crawford sustained several serious injuries to his face, eyes, and ribs.

55.    Officer Doe and Sims used unnecessary force on Mr. Crawford as they repeatedly deployed their tasers into his body, causing additional significant injuries.



56.    Defendants Doe, Sims and the unknown H-E-B employee caused Mr. Crawford's injuries.

57.    Mr. Crawford was taken to the Baytown jail, then to Ben Taub Hospital, back to the Baytown jail and ultimately transported to Harris County Jail.

**Sims caused Mr. Crawford to be illegally arrested and charged**

58.    Mr. Crawford was held on felony charges of assault of a public servant, based on Sim's falsified report and accepted complaint, with a bond amount of $10,000.

59.    He was forced to maneuver his way throughout the Harris County jail as he was experiencing severe visual impairment for two and a half days, since his eyes remained swollen shut due to the beating he received from the three men.

60.    He was released from custody on July 9, 2019, after his bond was posted.

61.    The charge for assault of a public servant was dismissed on October 22, 2019, but not before Mr. Crawford was made to make multiple court appearances.

62.    The record of his felony arrest remains public record and requires expunction.

***Sims's Training***

63.    The Texas Commission on Law Enforcement ("TCOLE") keeps records of licenses, training and education relating to law enforcement activities of officers. TCOLE maintained these records for Sims and Officer Doe.

64.    According to the TCOLE records, Sims served as a peace officer for three different agencies in a three-year period: he served as a Sheriff Deputy at Polk County, a police officer for the City of Baytown, and a police officer for  the City of Corrigan.

65.    Sims's father was a Deputy at the Polk County Sheriff's Office.

66.    Sims had not received any use-of-force training prior to his interaction with Mr. Crawford.

### V. CAUSES OF ACTION

***Fourteenth Amendment Due Process and Fourth Amendment Excessive Force***

67.    Plaintiff incorporates by reference all paragraphs contained herein.

68.    Sims and Officer Doe are liable to Plaintiff for violating his Fourth Amendment right to be free from the use of excessive force, pursuant to 42 U.S.C. § 1983.

69.     Sims and Officer Doe violated clearly established constitutional rights and their conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident, as state actors while acting under the color of law.

**Monell Claim**

70.     Chief Dougherty is a state actor, and the relevant policy maker for The City of Baytown, as the chief of police.

71.     Dougherty violated Mr. Crawford's right to be free from the use of excessive force because he promoted, adopted, and promulgated a policy or custom of allowing his arresting deputies, including Sims and Officer Doe, to utilize excessive force (by slamming them to the ground, striking them with several elbow strikes and closed-fist blows, deploying taser guns, and allowing third parties to sit on compliant people) during arrests.

72.     Dougherty violated Mr. Crawford's right to be free from the use of excessive force because he promoted, adopted, and promulgated a policy or custom of allowing his arresting deputies, including Sims and Officer Doe, to utilize excessive force during arrests based on the inadequate training and supervision of his officers.

73.     Baytown, Dougherty, Sims, and Officer Doe deliberately or recklessly violated Mr. Crawford's civil rights under the color of law through the use of excessive force against him. The excessive force used against Mr. Crawford by Sims and Officer Doe include, without limitation, slamming him to the ground, striking him with several elbow

strikes and closed-fist blows, deploying taser guns multiple times, and allowing third parties to sit on him while he complied with all orders.

74.    Defendants were sufficiently aware that Baytown's supervision and training policies were defective, incomplete, or routinely ignored by its officers (at least to the extent that they facilitated, permitted, and encouraged the use of excessive force against Mr. Crawford and other individuals).

75.    Baytown's act of promoting the use of excessive force against Mr. Crawford evidenced a custom, policy, or procedure of excessive force and deliberate indifference.

76.    Dougherty is liable for enacting and enforcing policies, procedures, or customs of ignoring apparent constitutional violations, namely excessive force during illegal detention and arrests of innocent individuals not accused or suspected of any crimes.

77.    Mr. Crawford had a right to due process of the law.

78.    Sims and Officer Doe violated Mr. Crawford's right to due process when he was arrested for no reason.

79.    Mr. Crawford had not committed a crime nor had he been suspected of committing a crime when Officer Doe and Sims began to arrest him.

80.    This unlawful arrest was a gross violation of Mr. Crawford's right to not have his liberty deprived without due process.

81.   To   make   matters   worse,   Sims   and   Officer   Doe   initiated   an assault-against-a-peace-officer charge against Mr. Crawford although Mr. Crawford never hit, or otherwise assaulted Sims or Office Doe.

82.   In contrast, Sims and Officer Doe assaulted Mr. Crawford, causing him to present to an emergency room with multiple severe injuries.

83.   As a matter of this custom, policy, practice, Baytown encourages the type of misconduct at issue by failing to adequately investigate, reprimand, train, supervise, control, and discipline instances of misconduct, leading the deputies to believe that their misconduct will never be meaningfully investigated and that they can mistreat the public without fear of any consequences.

84.   Before Sims and Officer Doe's encounter with Mr. Crawford, Sims had a documented history of using excessive force and unlawfully arresting people without lawful reasons.

85.   As such, Baytown and Chief Dougherty ratified Sims's (and, arguably, Officer Doe's) misconduct as their own policies, practices, customs, and procedures because no corrective action plan was used. Doughtery failed to train on the use of force or offer additional (de-escalation) training to Sims prior to or as a result of his misconduct.

86.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, Baytown officers, including Sims and Officer Doe, regularly violate the

constitutional rights of individuals in an aggressive and unconstitutional manner as alleged herein.

87.     Baytown officers understand that they can unlawfully arrest individuals by using one of a limited category of crimes that are based upon the officer's allegations leaving the prosecutor to take the officer at his word since no other evidence is required.

88.     These crimes include trespassing, interference with public duties, disorderly conduct, evading, and resisting arrest to name a few.

89.     On May 12, 2014, Baytown Det. Edgar Elizondo arrested 19 -year-old Rodolfo Zepeda, 24 -year-old Edgar Garcia, , and 23-year-old Christian Zepeda for interference with public duties.  53-year-old Maria Zepeda was arrested and who was seen on the video being shot with a Taser., although she was not a threat to the officers or others to warrant such use of force. The officer went on to spray pepper spray so recklessly that even several young children complained that they had been pepper sprayed. They can be seen crying on video footage. The charges were dismissed.

90.     On February 13, 2016, Baytown Officers tasered and wrongfully arrested Alfred Thomas, and Jamarus Thomas based upon a noise complaint, although neither were a threat to the officers or others to warrant such use of force. The charges were subsequently dismissed.

91.     About six weeks before Sims and Doe assaulted Mr. Crawford, Sims was involved in another incident where he used excessive force and violated the constitutional rights of

another innocent person in Baytown.

92.     In that incident, Sims and another Baytown officer stopped a man on the suspicion of driving while intoxicated. The wife, a passenger in the vehicle, stepped out of the car and recorded the police encounter from the sidewalk.

93.     The other Baytown officer stepped in front of her and obstructed her from recording the incident. He asked the wife for her cell phone, and she refused, citing that she had a right to record and that she was not at all interfering with the officers' duties.

94.     Sims illegally arrested the wife for refusing to turnover her phone to the other officer.

95.     She alleged that Sims violently slammed her to the ground, just as he had done to Mr. Crawford. The charges were subsequently dismissed.

96.     On May 13, 2019, Pamela Turner was tasered and fatally shot by Baytown police Officer Juan Delacruz . He claimed Ms. Turner was a threat although he knew that when she gained custody of his taser that she could not have used it on him as he described as his bases for the threat to support the use of deadly force against her. DelaCruz was used as an enforcer of the apartment complex manager who had a disagreement with Ms. Turner earlier that day. DelaCruz harassed and stalked her and lied about the reason for stopping and detaining her claiming she had an open warrant.

97.     She begged him to leave her alone, then she tried to employ the best defense manism that she could by proclaiming "I'm pregnant," although not true, it was in an

effort to gain some sympathy and  leniency from the officer as he attacked her. She was able to gain control of the taser after she had been tasered for no reason.

98.    Video footage depicts Delacruz standing over Ms. Turner before he appeared to back away then shoot five times.

99.    Despite the unlawful killing of Pamela Turner, and like Sims, lying on government documents he remains without discipline and employed by Baytown police department.

100.   On June 2, 2020,  in the parking lot of the Baytown Market Convenience Store located in the 2900 block of Market Street Baytown Officers unlawfully detained and arrested 24-year-old Skylar Gilmore and 23-year-old Isaiah Phillips for lawful speech, cursing, after the officers illegally stopped and unlawfully detained Justin Moore while he was pumping gas. Despite the unlawful acts the officers remain without discipline and employed by Baytown police department.

101.   Yet, Baytown investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

102.   Due to Baytown's customs, policies, and practices, Defendants proximately caused Mr. Crawford's injuries.

103.   Defendants' misconduct described herein was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others.

104.    In addition, the misconduct and excessive force described herein "shocks the conscience" because citizens not accused or suspected of crimes should not be deprived of their liberty and should be free of abuse by the hands of Baytown police officers.

***Wrongful Arrest and Malicious Prosecution***

105.    Plaintiff incorporates by reference all paragraphs contained herein.

106.    Sims and Officer Doe submitted falsified statements to the Harris County District Attorney's Office for the purposes of charging and prosecuting Mr. Crawford.

107.    Sims and Officer Doe falsely alleged to the Harris County District Attorney's Office that Mr. Crawford assaulted a peace officer during the arrest.

108.    Sims and Officer Doe's acts (i.e., using excessive force and furnishing falsified statements to the government) constitute malice, in that they acted with a specific intent to cause substantial injury (to Mr. Crawford's body) or harm (to Mr. Crawford's record and reputation).

109.    By providing these false statements to the Harris County Attorney's Office, Sims and Officer Doe initiated criminal charges against Mr. Crawford without probable cause.

110.    This resulted in violation of Mr. Crawford's constitutional rights under the Fourth Amendment and Fourteenth Amendment, specifically those related to improper and malicious prosecution, wrongful initiation of legal process (criminal prosecution), and the right to due process.

*False Imprisonment*

111.   Plaintiff incorporates by reference all paragraphs contained herein.

112.   Sims and Officer Doe willfully detained Mr. Crawford when he approached  Mr. Crawford.

113.   Sims and Officer Doe directly restrained Mr. Crawford from his physical liberty without adequate legal justification.

114.   Indeed, Sims and Officer Doe did not tell Mr. Crawford why they searched his car or why they arrested him.

115.   Although he did not resist arrest or evade arrest, Mr. Crawford did not consent to the wrongful arrest, body slam, use of force by a third-party-non-law-enforcement officer, or use of a taser gun on him a number of times.

116.   Sims and Officer Doe acted unlawfully and without the authority of law when they wrongfully arrested Mr. Crawford, slammed his body to the pavement, used a taser gun on him multiple times, and encouraged an H-E-B employee to interfere with the illegal arrest.

*Failure to Train or Supervise*

117.   Plaintiff incorporates by reference all paragraphs contained herein.

118.   At all times relevant hereto, all of Mr. Crawford's inalienable and fundamental liberty interests were protected by the Constitution.

119. Chief Dougherty violated Mr. Crawford's constitutional rights by failing to train or supervise Sims and Officer Doe and upholding his actions with deliberate indifference while they violated Mr. Crawford's rights.

120. Sims and Officer Doe punched, beat, and allowed a private citizen to attack Mr. Crawford.

121. Sims and Officer Doe also tasered Mr. Crawford several times, even though he never resisted arrest or posed a threat to them or anyone else.

122. Baytown and Chief Dougherty failed to train or supervise Sims and Officer Doe in identifying resistance, the different types of resistance, and what the proper response should be when met with resistance of a suspect, along with when to employ de-escalation techniques.

123. Additional training or supervision by Baytown and Dougherty would have prevented Mr. Crawford's injuries and violation of his constitutional rights.

## VI. DAMAGES

124. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

    a. Physical pain and mental anguish;
    b. Loss of earning capacity and lost wages;
    c. Disfigurement;
    d. Physical impairment;
    e. Medical care expenses;
    f. Out-of-pocket economic losses.

g. other expenses related to arrest and/or prosecution of Kedric Crawford; and

h. exemplary/punitive damages.

i.  Plaintiff's reasonable and necessary attorneys' fees;

j. Costs of court;

k. Pre-judgment and post-judgment interest at the highest rates allowable by law;

j. Injunctive relief against Defendants barring the use of body slams and taser guns in non-threatening situations; and

l. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

125.    The damages sustained by Plaintiff were proximately caused by the Defendants as set forth herein.

126.    Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

127.    There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## VII. ATTORNEYS FEES

128.    After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorneys fees and costs to enforce his constitutional rights under 42 U.S.C. § 1983 and 1988 from Defendants.

## VIII. REQUEST FOR DISCLOSURE

129.    Under Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material

described in all of Texas Rule of Civil Procedure 194.2 (a)-(1).

## IX. JURY DEMAND

130.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and

demands a trial by jury.

## X. PRAYER

131.     Plaintiff prays that he has judgment against Defendants for actual damages shown

and proven at trial, for prejudgment, post-judgment interest, for costs of court and for all

other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
Texas Bar No. 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F:  (713) 581-1017
myattorneyatlaw@gmail.com
Lead Attorney for Plaintiff

By: /s/ Okwudili Onyekwelu
Okwudili Onyekwelu
Texas Bar No. 24110867
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F:  (713) 581-1017

oonyekwelu@thelewislaw.com
Attorney for Plaintiff


By: /s/ Damion Millington
Damion Millington
State Bar No. 24111178
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
Houston, TX 77007
T: (713) 570-6555
F:  (713) 581-1017
dmillington@thelewislaw.com
Attorney for Plaintiff

7019 2280 0000 0782 5533    P2

CAUSE NO. 202037129

RECEIPT NO. 875849                          75.00          CTM
            *********                            # 73778451

PLAINTIFF: CRAWFORD, KEDRIC                  In The 61st
           vs.                               Judicial District Court
DEFENDANT: CITY OF BAYTOWN                   of Harris County, Texas
                                             61ST DISTRICT COURT
                                             Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: DOUGHERTY, KEITH (CHIEF)
    OR WHEREVER HE MAY BE FOUND

    4605 ALAMANCE DR   BAYTOWN TX 77521
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of June, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of August, 2020, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
LEWIS, U A                                   Harris County, Texas
PO BOX 27353                                 201 Caroline, Houston, Texas 77002
HOUSTON, TX 77227                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
Bar No.: 24076511                            Generated By: THOMAS, LISA   BE9//11560057

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____      ADDRESS

_____      Service was executed in accordance with Rule 106
                                 (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                         return receipt incorporated herein and attached
                                     hereto at
_____
                                 on _____ day of _____, _____
                                 by U.S. Postal delivery to _____

                                 This citation was not executed for the following
                                 reason: _____

                                 MARILYN BURGESS, District Clerk
                                 Harris County, TEXAS

                                 By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                        *73778451*

7019 2280 0000 0782 5533

CAUSE NO.   202037129

RECEIPT NO.   875849                     75.00     CTM
********                          TR # 73778451

| | |
|---|---|
| PLAINTIFF: CRAWFORD, KEDRIC <br> vs. <br> DEFENDANT: CITY OF BAYTOWN | In The   61st <br> Judicial District Court <br> of Harris County, Texas <br> 61ST DISTRICT COURT <br> Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: DOUGHERTY, KEITH (CHIEF)
    OR WHEREVER HE MAY BE FOUND

    4605  ALAMANCE DR   BAYTOWN  TX  77521

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of June, 2020</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 19th day of August, 2020, under my hand and seal of said Court.

<u>Issued at request of</u>:
LEWIS, U A
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
<u>Bar No.</u>:  24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: THOMAS, LISA  BE9//11560057

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____

(a) ADDRESSEE

ADDRESS

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                                  *73778451*

7019 2280 0000 0782 5526

CAUSE NO. 202037129

RECEIPT NO. 875849                    75.00      CTM
**********                    TR # 73778453

PLAINTIFF: CRAWFORD, KEDRIC                    In The 61st
            vs.                                Judicial District Court
DEFENDANT: CITY OF BAYTOWN                      of Harris County, Texas
                                               61ST DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF BAYTOWN
    BAYTOWN CITY HALL

    2401 MARKET STREET   BAYTOWN TX 77520

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of June, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 19th day of August, 2020, under my hand and
seal of said Court.

<u>Issued at request of</u>:                              MARILYN BURGESS, District Clerk
LEWIS, U A                                         Harris County, Texas
PO BOX  27353                                      201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                                 (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
<u>Bar No.</u>: 24076511                           Generated By: THOMAS, LISA  BE9//11560057

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy    of    this    citation    together    with    an    attached    copy    of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____                    _____
                                           ADDRESS
_____
                                           Service was executed in accordance with Rule 106
_____                    (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                  return receipt incorporated herein and attached
                                              hereto at
_____
                                           _____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____,

                                           This citation was not executed for the following
                                           reason: _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

N.INT.ITM.P                    *73778453*

7019 2280 0000 0782 5526

CAUSE NO.   202037129

RECEIPT NO.   875849                    75.00        CTM

\*\*\*\*\*\*\*\*\*                    TR # 73778453

| | |
|---|---|
| PLAINTIFF: CRAWFORD, KEDRIC<br>vs.<br>DEFENDANT: CITY OF BAYTOWN | In The   61st<br>Judicial District Court<br>of Harris County, Texas<br>61ST DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: CITY OF BAYTOWN
    BAYTOWN CITY HALL

    2401  MARKET STREET   BAYTOWN  TX  77520
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of June, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of August, 2020, under my hand and
seal of said Court.

<u>Issued at request of:</u>                         MARILYN BURGESS, District Clerk
LEWIS, U A                                          Harris County, Texas
PO BOX  27353                                       201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
<u>Bar No.:</u>  24076511                            Generated By: THOMAS, LISA  BE9//11560057

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                           ADDRESS

_____          Service was executed in accordance with Rule 106
                                           (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                   return receipt incorporated herein and attached
                                               hereto at
_____
                                           _____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____

                                           _____

                                           This citation was not executed for the following
                                           reason: _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

7019 2280 0000 0782 5540   **P2**

CAUSE NO. 202037129

RECEIPT NO. 875849                    75.00      CTM
                    **********                    TR # 73778450

PLAINTIFF: CRAWFORD, KEDRIC                    In The 61st
                    vs.                    Judicial District Court
DEFENDANT: CITY OF BAYTOWN                    of Harris County, Texas
                    61ST DISTRICT COURT
                    Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: SIMS, TEDDY
    OR WHEREVER HE MAY BE FOUND

    308  SLEEPY HOLLOW DRIVE APARTMENT  513 CLEVELAND  TX  77327

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of June, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of August, 2020, under my hand and
seal of said Court.

<u>Issued at request of</u>:
LEWIS, U A                                      
PO BOX  27353                    MARILYN BURGESS, District Clerk
HOUSTON, TX  77227                    Harris County, Texas
Tel: (713) 570-6555                    201 Caroline, Houston, Texas 77002
<u>Bar No.</u>: 24076511                    (P.O. Box 4651, Houston, Texas 77210)

                    Generated By: THOMAS, LISA  BE9//11560057

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

                    ADDRESS _____

_____                    Service was executed in accordance with Rule 106
                    (2) TRCP, upon the Defendant as evidenced by the
_____                    return receipt incorporated herein and attached
(a) ADDRESSEE                    hereto at

                    _____
                    on _____ day of _____, _____
                    by U.S. Postal delivery to _____

                    This citation was not executed for the following
                    reason: _____

                    MARILYN BURGESS, District Clerk
                    Harris County, TEXAS

                    By _____, Deputy

N.INT.CITM.P                    *73778450*                    **RECORDER'S MEMORANDUM**
                    This instrument is of poor quality
                    at the time of imaging

7019 2280 0000 0782 5540

CAUSE NO.   202037129

RECEIPT NO.   875849                        75.00        CTM
                 *********                  TR # 73778450

PLAINTIFF: CRAWFORD, KEDRIC                    In The    61st
              vs.                              Judicial District Court
DEFENDANT: CITY OF BAYTOWN                     of Harris County, Texas
                                               61ST DISTRICT COURT
                                               Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: SIMS, TEDDY
    OR WHEREVER HE MAY BE FOUND

    308  SLEEPY HOLLOW DRIVE APARTMENT  513 CLEVELAND  TX  77327

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of June, 2020</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of August, 2020, under my hand and
seal of said Court.

<u>Issued at request of</u>:                    MARILYN BURGESS, District Clerk
LEWIS, U A                                     Harris County, Texas
PO BOX  27353                                  201 Caroline, Houston, Texas 77002
HOUSTON, TX  77227                             (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
<u>Bar No.</u>:  24076511                       Generated By: THOMAS, LISA  BE9//11560507

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                          ADDRESS
_____          Service was executed in accordance with Rule 106
                                             (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                 return receipt incorporated herein and attached
                                             hereto at
_____
                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____
                                          _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                    *73778450*

8/19/2020 12:03:26 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 45512651
By: ANTHONY KNESAL
Filed: 8/19/2020 12:03:26 PM

**LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE**

**CASE NUMBER:** <u>202037129</u>          **CURRENT COURT:** <u>HARRIS COUNTY DISTRICT COURT</u>

**Name(s) of Documents to be served:** <u>**Citation/ Petition**</u>

**FILE DATE:** <u>8/19/2020</u>          Month/Day/Year

**Issue Service to Defendant:** <u>TEDDY SIMS</u>

Address of Service: <u>308 Sleepy Hollow Drive, Apartment 513,</u>

City, State & Zip: <u>Cleveland, Texas 77327</u>

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☑ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

<mark>**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM,** *and*</mark>
☐ **ATTORNEY PICK-UP (phone)  713-570-6555**
☐ **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
☐ **CONSTABLE**
☑ **CERTIFIED MAIL by District Clerk**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____          Phone: _____
☐  **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney: <u>**U.A. Lewis;**</u> Bar # :<u>**24076511**</u>

Mailing Address: <u>**99 DETERING #104, HOUSTON, TEXAS 77007**</u>

Phone Number: <u>**713-570-6555**</u>

8/19/2020 12:03:26 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 45512651
By: ANTHONY KRISTAN
Filed: 8/19/2020 12:03:26 PM

**LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE**

**CASE NUMBER:** 202037129          **CURRENT COURT:** HARRIS COUNTY DISTRICT COURT

Name(s) of Documents to be served: **Citation/ Petition**

**FILE DATE:** 8/19/2020          Month/Day/Year

**Issue Service to Defendant**: KEITH DOUGHERTY

Address of Service: 4605 Alamance Dr

City, State & Zip: Baytown, Texas 77521

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☑ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, *and***
☐ ATTORNEY PICK-UP (phone)  713-570-6555
☐ MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007
☐ CONSTABLE
☑ CERTIFIED MAIL by District Clerk
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
☐ OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # : **24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007**

Phone Number: **713-570-6555**

8/19/2020 12:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45512651
By: Bphonie Thomas
Filed: 8/19/2020 12:03 PM

**LEWIS LAW GROUP REQUEST FOR ISSUANCE OF SERVICE**

**CASE NUMBER:** 202037129          **CURRENT COURT:** HARRIS COUNTY DISTRICT COURT

Name(s) of Documents to be served: **Citation/ Petition**

**FILE DATE:** 8/19/2020          Month/Day/Year

**Issue Service to Defendant:** CITY OF BAYTOWN

Address of Service: Baytown City Hall, 2401 Market Street,

City, State & Zip: Baytown, Texas 77520

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☑ **Citations Rule 106 Service** |

☐ **Citation Scire Facias     Newspaper**_____

☐ **Temporary Restraining Order**          ☐ **Precept**          ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**     ☐ **Capias** (not by E-Issuance)     ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**          ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**     ☐ **Hague Convention ($16.00)**     ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)     ☐ **Injunction**          ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY E-Issuance by Clerk to OFFICE@THELEWISLAW.COM, and**
☐ **ATTORNEY PICK-UP (phone)  713-570-6555**
☐ **MAIL to attorney at: 99 DETERING #104, HOUSTON, TEXAS 77007**
☐ **CONSTABLE**
☑ **CERTIFIED MAIL by District Clerk**
☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____     Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney: **U.A. Lewis;** Bar # : **24076511**

Mailing Address: **99 DETERING #104, HOUSTON, TEXAS 77007**

Phone Number: **713-570-6555**

2020·37129



8·20·2020

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
P.O. BOX 4651
HOUSTON, TX 77210-4651

2020-37129
61st COURT

Marilyn Burgess
District Clerk

James Keith Dougherty
4605 Alamance Dr.
Baytown, Texas 77521

Unofficial Copy Office of Marilyn Burgess District Clerk

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

2020·37129



8·20·2020

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2020-37129



MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TX 77210-4651

2020-37129
6bh COURT

8·20·2020

Certified Mail Fee

$ 3.55

Postage
AUG 2 0 2020

Marilyn Burgess
District Clerk

Teddy Sims
308 Sleepy Hollow Drive Apt. 513
Cleveland, Texas  77327

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

8/26/2020 4:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45733362
By: Brenda Espinoza
Filed: 8/26/2020 4:37 PM

CAUSE NO. 2020-37129

| | | |
|---|---|---|
| KEDRIC CRAWFORD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF BAYTOWN, KEITH | § | 61ST JUDICIAL DISTRICT |
| DOUGHERTY, TEDDY SIMS, | § | |
| AND OFFICER DOE, | § | |
| | § | |
| *Defendants.* | | HARRIS COUNTY, TEXAS |

## DEFENDANT SIMS' DEFENSES AND ANSWER

Defendant Teddy Sims serves and files his defenses and answer.

## FIRST DEFENSE

1.　　There is a defect in parties. Defendant is statutorily immune, under TEX. CIV.

PRAC. & REM. CODE § 101.106, from plaintiff's claims brought through Texas law.

## SECOND DEFENSE

2.　　Plaintiff fails to state a claim for which relief may be granted against Defendant.

## THIRD DEFENSE

3.　　Defendant is protected by qualified immunity.

## FOURTH DEFENSE

4.　　Defendant is protected by official immunity.

## FIFTH DEFENSE

5.　　Defendant is protected by immunity under provided by TEX. CIV. PRAC. & REM.

CODE § 101.106.

4830-1191-6995.3

SIXTH DEFENSE

6.      Defendant is protected by immunity under provided by TEX. CIV. PRAC. & REM. CODE § 83.001.

SEVENTH DEFENSE

7.      Defendant's liability, if any, under Texas law is barred or limited by TEX. CIV. PRAC. & REM. CODE § 108.002.

EIGHTH DEFENSE

8.      Defendant's liability, if any, under Texas law is barred or limited by TEX. CIV. PRAC. & REM. CODE Chapter 41.

NINTH DEFENSE

9.      Plaintiff's conduct was the sole cause of the occurrence which forms the basis of this lawsuit and of plaintiff's alleged harm and claimed damage.

TENTH DEFENSE

10.     Plaintiff failed to use reasonable diligence to mitigate damages he claims.

ELEVENTH DEFENSE

11.     Defendant asserts his rights under the Fourteenth Amendment to the United States Constitution and maintains that punitive damages are unconstitutional in this case to the extent they are assessed:

> a.      In an amount left to the discretion of the judge and/or jury;
>
> b.      In any decision representing less than a unanimous verdict;
>
> c.      Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;
>
> d.      Where the standard of guilt is not clearly defined; and/or

2

e.    Where the assessment of punitive or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially differently.

## ANSWER

12.    Subject to the foregoing, the Defendant asserts a general denial and respectfully requests that plaintiff be required to prove, by a preponderance of the evidence, all alleged charges, allegations, and claims made.

## PRAYER

13.    Defendant prays he be released, discharged, and acquitted of all charges, allegations, and claims filed against defendant, that judgment be rendered in defendant's favor, either prior to, or at the conclusion of a trial, that plaintiff take nothing by reason of this suit, and that defendant recover all costs of court and attorney's fees incurred in defending against the plaintiff' claims, as well as other relief to which the defendant is justly entitled in law and equity.

Respectfully submitted,

_/s/ William S. Helfand_
William S. Helfand
Attorney-in-Charge
SBOT: 09388250
Norman Ray Giles
SBOT: 24014084

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400,
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANT
Officer Teddy Sims

4830-1191-6995.3                          3

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via

electronic filing, on this the 26th day of August, 2020, to the following:

U.A. Lewis
myattorneyatlaw@gmail.com
Okwudili Onyekwelu
oonyekwelu@thelewislaw.com
Damion Millington
dmillington@thelewislaw.com
The Lewis Law Group
Attorneys for Plaintiff

*/s/ William S. Helfand*



### 202037129 - CRAWFORD, KEDRIC vs. CITY OF BAYTOWN (Court 061)

Chronological   Print
History   All
*(non-financial)*

**Summary**
**Appeals**
**Cost Statements**
**Transfers**
**Post Trial Writs**
**Abstracts**
**Parties**

**Court Costs**
**Judgments/Events**
**Settings**
**Services/Notices**
**Court Registry**
**Child Support**
**Images**

Preview DocketSheet   

Print Summary 

| Case (Cause) Summary | |
| --- | --- |
| File Date | 6/22/2020 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | PERSONAL INJ (NON-AUTO) |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | N/A |

| The Current Presiding Judge | |
| --- | --- |
| Current Court | 061st |
| Filing Court | 061st |
| Address | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686070 |
| JudgeName | FREDERICKA PHILLIPS |
| Court Type | Civil |

**\* Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please click here to notify Customer Service.**

**You may print and save uncertified copies of documents from the preview window.**

Purchase Order
( 1 documents )

Print List

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 91887453 | Filing | Certified Mail Receipt | | | 08/20/2020 | 1 | Add to Basket |
| 91887454 | Filing | Certified Mail Receipt | | | 08/20/2020 | 1 | Add to Basket |
| 91887455 | Filing | Certified Mail Receipt | | | 08/20/2020 | 1 | Add to Basket |
| 91802377 | Filing | REQUEST FOR ISSUANCE OF SERVICE | | | 08/19/2020 | 1 | Add to Basket |
| -> 91802378 | Filing | REQUEST FOR ISSUANCE OF SERVICE | | | 08/19/2020 | 1 | Add to Basket |
| -> 91802379 | Filing | REQUEST FOR ISSUANCE OF SERVICE | | | 08/19/2020 | 1 | Add to Basket |
| 91808746 | Filing | Certified Mail Tracking Number 7019 2280 0000 0782 5540 | | | 08/19/2020 | 2 | Add to Basket |
| 91808748 | Filing | Certified Mail Tracking Number 7019 2280 0000 0782 5526 | | | 08/19/2020 | 2 | Add to Basket |
| 91808749 | Filing | Certified Mail Tracking Number 7019 2280 0000 0782 5533 | | | 08/19/2020 | 2 | Add to Basket |

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|-----------|------|-------|--------------|-----------|------|-------|-----------------|
| 91016547 | Filing | Plaintiff's original petition | | | 06/22/2020 | 21 | Item Added |

[WS7]