IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEDRIC CRAWFORD,<br>    Plaintiff,<br><br>v.<br><br>CITY OF BAYTOWN, KEITH<br>DOUGHERTY, TEDDY SIMS,<br>AND OFFICER DOE.<br>    Defendants. | §§§§§§§§§§    Civil Action No. 4:20-cv-03003<br><br>     JURY DEMANDED |

## AGREED PROTECTIVE ORDER

WHEREAS, the parties to this proceeding anticipate exchanging documents and tangible things during the discovery and trial phase of this lawsuit that the disclosing or producing party will regard as confidential;

WHEREAS, the parties to this proceeding desire to preserve the confidentiality of any such documents and tangible things disclosed or produced in the course of these proceedings; therefore,

Therefore, the parties believe it is appropriate for the Court to enter this agreed protective order;

THE COURT HEREBY ORDERS that, unless the Court amends, supersedes, or withdraws this Agreed Protective Order, all parties, their representatives, and other individuals furnished with any document or tangible thing a party has disclosed or produced identified as confidential information shall follow the procedures set forth herein.

1. *Confidential Information.* A party may designate a document or other tangible thing disclosed or produced to another party or its counsel during any stage of this proceeding as confidential information by designating such information as "CONFIDENTIAL" under the terms set forth in this Order. A document or tangible thing designated as "CONFIDENTIAL" shall not be used by the party receiving the information, the party's representative, or any other individual furnished with any document or tangible thing a party has disclosed or produced identified as confidential for any purpose outside these civil proceedings.

2. *Document Production.* A party may designate a document or other tangible thing as "CONFIDENTIAL" by marking each item "CONFIDENTIAL." In lieu of marking the original of a document, the designating party may mark the copy that is disclosed or produced. For information or data that cannot be marked, the designating party may designate such information or data as "CONFIDENTIAL" by notifying the receiving party in writing.

3. *Restrictions on Use and Disclosure.* Except as agreed to by the designating party (or its counsel) or as otherwise provided in this Order, information designated as "CONFIDENTIAL":

(A)  shall be maintained in confidence by the counsel to which it is furnished;

(B)  may be disclosed by such counsel only to Authorized Persons as defined in this Agreed Protective Order; and

(C)  may be used by such counsel and the Authorized Persons to whom it is disclosed only for the purposes of this lawsuit and for no other purpose whatsoever.

4. *Authorized Persons*. Except as agreed to by the designating party, access to materials designated as "CONFIDENTIAL" ("Confidential Information") shall be restricted to the following Authorized Persons:

(A)   Parties and employees of a party to whom it is necessary that confidential information be shown for purposes of this proceeding;

(B)   Persons who were the authors or recipients of the documents in the ordinary course of business;

(C)   Counsel for the parties to whom it is necessary that confidential information be shown for purposes of this lawsuit;

(D)   Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation for trial, such as experts, their staff, and support personnel to whom it is necessary that confidential information be shown for purposes of assisting in such preparation;

(E)   The Court, persons employed by the Court, and any duly qualified reporters and videographers participating in the lawsuit; and

(F)   Any other person who is later designated as an Authorized Person either by (i) agreement of all the parties or (ii) by order of the Court; and

(G)   Parties and insurance representatives or insurance adjusters of a party to whom it is necessary that confidential information be shown for purposes of evaluation, offers and settlement.

Prior to disclosing materials designated as "CONFIDENTIAL" to Authorized Persons listed in Paragraphs 4(A)-(G), as permitted in this Agreed Protective Order, the

receiving party must notify the Authorized Person of this Agreed Protective Order.

5. *Challenging Designation.* In the event that any party to the designation by another party of any information as "CONFIDENTIAL" or to the designation of any person as an Authorized Person, the parties shall try to resolve any such dispute in good faith on an informal basis. If the dispute cannot be resolved, the parties may seek appropriate relief from the Court.

6. *Error in Designation.* The inadvertent or unintentional production of a document or tangible thing containing confidential information without being designated as "CONFIDENTIAL" at the time of the disclosure or production shall not be deemed a waiver in whole or in part of a party's claim to the confidentiality of the document or other tangible thing disclosed or produced if the error is identified to all parties and corrected within five business days of the earlier of (i) the use of the document in a hearing, filing, or deposition or (ii) discovery that the document was not properly designated.

7. *Conclusion of Dispute.* Within sixty days after the conclusion of this proceeding, from which any appeal is final or no appeal has been or can be taken, all documents or other tangible things that contain "CONFIDENTIAL" information shall, without the requirement of a written request of the producing party, be either:

(A)   delivered by the receiving party to the outside counsel of record for the producing party;

(B)   destroyed, and counsel for such receiving party shall certify in writing to the producing party that all such documents have been destroyed; or

(C) Continue to protect and shall not use the received confidential information for any purpose outside these civil proceedings.

8. Survival. The terms and conditions of this Agreed Protective Order shall remain in full force and effect and shall survive the final resolution of this dispute unless the Court amends, supersedes, or withdraws the Agreed Protective Order.

The Parties present this proposed Agreed Protective Order to the Court for its consideration and approval as Court Order. Until the Court issues a signed Order, the parties agree to abide by and be bound by the terms of this agreement upon signature hereof as if an order had been entered on that date.

Entered this _____ day of _____, 2020.

_____
Lynn N. Hughes
United States District Judge

_____
U.A. Lewis
Okwudili Onyekwelu
Damion Millington
The Lewis Law Group
P.O. Box 27353
Houston, Texas 77227
myattorneyatlaw@gmail.com
oonyekwelu@thelewislaw.com
dmillington@thelewislaw.com
Attorneys for Plaintiff

_____
Steven D. Selbe
Gordon Rees Scully Mansukhani
TransWestern Tower
1900 West Loop South
Suite 1000
Houston, Texas 77027
sselbe@grsm.com
Attorney for Defendants
City of Baytown, Texas and
Chief Keith Dougherty

/s/ William S. Helfand by permission
WILLIAM S. HELFAND
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
NORMAN RAY GILES
SBOT: 24014084
Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANT OFFICER TEDDY SIMS