IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEDRIC CRAWFORD | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-cv-03003 |
| CITY OF BAYTOWN, KEITH DOUGHERTY, TEDDY SIMS, AND OFFICER DOE. | § § § | |
| Defendant. | § | |
| | § | |

## JOINT REPORT OF PARTIES[1]

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Kedric Crawford and Defendants Teddy Sims and the City of Baytown file this Joint Report pursuant to this Court's Order to Disclose and Report entered September 30, 2020. [Doc. 12].

In Doc. No. 12, the Court Ordered the following:

1. By October 9, 2020, Plaintiff Kedric Crawford must: (a) list, for the last 20 years, the identity of all doctors visited, the reason for the visit, and when and where the visit was; (b) furnish a color photograph of his face currently and from the year before the incident; (c) furnish the prescription for the bottle from the incident; and (d) furnish the phone records from the time of the incident of his phone and his mother's phone.

2. By October 9, 2020, Teddy Sims must allow Crawford to view the 17 videos, where Crawford may mark the time spans of the videos he wants copied.

3. Crawford may not disclose information obtained from the grand jury.

---

[1] Counsel for Plaintiff was invited to participate in the preparation and/or revision of this report on multiple occasions. Specifically, on November 5, 2020 at 6:39 p.m. and 11:48 a.m. on November 6, 2020. Plaintiff never responded to the communications. Therefore this "Joint" Report has been solely prepared and is being filed by the attorneys for the Defendants.

4849-8679-2913.1

4.  By November 6, 2020, the parties must jointly report the status of the case and proposed next steps for the litigation.

In compliance with the Court's Order, the City which is the custodian of the audio/video recordings at issue, disclosed and provided a copy of the relevant recordings to the Plaintiff on October 9, 2020 via a cloud link containing twelve videos and BPD00001 through BPD00138 the index of which is attached hereto as Exhibit A.[2] Officer Sims served his initial disclosures on September 14, 2020, adopting the records the City controlled, and supplemented his disclosures on October 13, 2020, with 117 additional pages of records. The defendants, therefore, met their disclosure obligations under the Court's Order. The Defendants, however, still need the overdue items the Court Ordered the Plaintiff to disclose.

Plaintiff Crawford failed to disclose any of the Ordered information by October 9, 2020. On October 13, 2020, Plaintiff produced thirteen photos of the Plaintiff. Two of the photos were "before" photos. The before photos were not labeled with a date.

Plaintiff has now filed a motion to extend time to produce the phone records listed in the Order. Plaintiff contends he has complied with the other requirements of the Order. Defendants disagree with this assertion and will file a response to the Plaintiff's motion.

The Plaintiff has suggested he seeks to add claims against Officer Samuel Serrett.

The City's Motion to Dismiss is fully briefed and can be decided or argued as the Court prefers.

After getting Officer Serrett added to the lawsuit if the Plaintiff is going to assert a claim against Officer Serrett, and after receiving the over-due information Plaintiff was previously

---

[2] Counsel for the City misspoke at the hearing in this matter when he said there were seventeen videos. There are only twelve and all twelve have all been produced.

ordered to disclose, the Defendants will have the information they need to request Plaintiffs' medical records.

After the Defendants obtain the Plaintiff's medical records, and after the Harris County District Attorney's Office and Harris County Grand Jury complete their investigations of the occurrence which forms the basis of the lawsuit, depositions of the Plaintiff, Officer Sims, and Officer Serrett if he is sued, limited in scope to issues relevant to qualified immunity, would be appropriate to obtain evidence to present to the Court through a motion for summary judgment based on qualified immunity in accordance with the Fifth Circuit' established procedure. *See*, *Converse v. City of Kemah*, 961 F.3d 771, 780 n.8 (5th Cir. June 17, 2020) (describing limited discovery in qualified immunity cases); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Respectfully submitted,

 */s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY IN CHARGE
So. Dist. No.: 18003
SBN: 18004600
sselbe@grsm.com
Heidi J. Gumienny
State Bar No. 24036696
hgumienny@grsm.com

ATTORNEYS FOR DEFENDANT,
THE CITY OF BAYTOWN

OF COUNSEL:
GORDON REES SCULLY MANSUKHANI LLP
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile:  (713) 961-3938

                                Respectfully submitted,

                                By: /s/ *Norman Ray Giles*
                                WILLIAM S. HELFAND
                                Attorney-in-Charge
                                SBOT: 09388250
                                Southern District of Texas Bar No. 8791
                                NORMAN RAY GILES
                                SBOT: 24014084
                                Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)
ATTORNEYS FOR DEFENDANTS