United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Kedric Crawford, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-20-3003 |
| Teddy Sims, *et al.*, | § § | |
| Defendants. | § § | |

## Order on Sanctions

Under federal rule 11, the court may impose sanctions *sua sponte* on an attorney for filing a pleading or other paper for an improper purpose, including harassment, undue delay, or needlessly increasing the costs of litigation.

On June 22, 2020, U.A. Lewis filed suit in the 61st District Court of Harris County on behalf of Kedric Crawford against Teddy Sims, the City of Baytown, and Keith Dougherty – raising section 1983 and state law claims. After removal, it has been styled 4:20-cv-3003 *Kedric Crawford v. Teddy Sims, et al.*

Following six months of discovery, on February 28, 2021, Lewis filed notices to dismiss voluntarily the two remaining defendants – Sims and the City. During the March 3, 2021, conference that Lewis did not attend, sending an associate, the court highlighted that the filed notices had been with prejudice. She amended both to be without prejudice – while the conference was in session.

During this same conference, the court was made aware of two other lawsuits Lewis filed on February 26, 2021:

A.  4:21-cv-624 *Kedric Crawford v. Harris County, et al.* and
B.  4:21-cv-647 *Crawford Kedrick v. Keith Dougherty,*

on behalf of Crawford against various defendants raising section 1983 claims. All of the claims in both lawsuits arose from the same set of operative facts as did the case already before this court. The complaints in all three lawsuits were so similar that a majority of each was copied verbatim – with the same grammatical errors and extraneous puffery this court had already disapproved.

At the end of the conference, Crawford's present counsel withdrew the sole valid notice of dismissal against the City. The next day Lewis again filed a notice to dismiss the City voluntarily without prejudice.

During the show cause hearing, Lewis appeared to give two reasons for the concurrent filings: being overwhelmed with work; and the desire to "re-group" by dismissing the remaining defendants in 20-cv-3003, collecting all the defendants and claims she wanted to bring, and then re-filing the case. Lewis said she had no intent to harass or delay the case.

This court is unconvinced. If Lewis's true intention was to "re-group," it is clear she would have dismissed the pending case first and then re-filed with all claims and parties. That is not what she did here. Lewis brought the two new lawsuits first on February 26, then dismissed the original case on February 28. This all occurred after Lewis, in her January 29, 2021, status report, expressed her frustrations with the how the court was handling the case – saying the court's orders were "burdensome," the court was being unfair, and incidentally attacking defense counsel.

Lewis cannot even try to raise the need to avoid the statute of limitations as a justification as it does not expire in this case until July 6, 2021 – nearly four months from now.

In 21-cv-647 *Crawford Kedrick v. Keith Dougherty*, Kedric Crawford's name was spelled differently and in reverse – as Crawford Kedrick – when entered into the system. Doing this stops the clerk's office from being able to match the new case with the original as it appears to be a different plaintiff. This further shows an intent to avoid this court's jurisdiction, harass the defendants, and drive up the costs of litigation.

Similar conduct by Lewis has also occurred in the *Estate of Hector Salas* cases where she filed two collateral suits that arise from the same operative facts:

A.  2020-78868 (Harris County District Court) *Estate of Hector Salas, Jr., et al. v. James Knox, et al.* and

B.  4:21-cv-484 *Estate of Hector Salas, Jr., et al. v. Harris County, et al.*,

while the original case – 4:19-cv-4479 *Estate of Hector Salas, Jr., et al. v. City of Galena Park, et al.* – was still pending before this court. If nothing else, this clearly indicates a pattern of conduct and solidifies the court's understanding that Lewis's actions in the Crawford case are sanctionable.

As Lewis's actions have made clear, she has attempted to avoid this court's jurisdiction through collateral lawsuits and judge-shopping – while also harassing the defendants, causing delays, and increasing the costs of litigation – and will be sanctioned.

To compensate the defendants for their increased costs, U.A. Lewis must pay the reasonable attorney's fees and costs associated with her collateral suits: 4:21-cv-624 *Kedric Crawford v. Harris County, et al.* and 4:21-cv-647 *Crawford Kedrick v. Keith Dougherty*. The defendants will keep separate records of their direct fees and expenses related to these additional suits, so the amount of the sanction can be determined at the end of the case.

Because the sanctionable actions are cloaked in her willful misconstruction of the federal rules, Lewis must complete ten credit hours of continuing legal education – by December 31, 2021 – in courses that focus on civil procedure, with at least six hours being based on the federal rules. After completing a course, Lewis must report to the court: (a) the title and a detailed description of the course; (b) the number of credit hours of the course; (c) proof of completion; and (d) the number of hours left to be completed.

If the court is not satisfied with the course's applicability to this order, it may decide to not credit the course toward the ten-hour requirement. All credits may still count toward a state bar's mandated continuing legal education requirement.

Signed on March **16**, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge