United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

United States District Court　　Southern District of Texas

| | | |
|---|---|---|
| Kedric Crawford, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-3003 |
| | § | |
| Teddy Sims, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Partial Dismissal

1. *Background.*

On July 6, 2019, Kedric Crawford was driving in Baytown, Texas, and stopped in an H-E-B parking lot. Officer Teddy Sims approached Crawford and began questioning him. Officer Samuel Serrett waited by Crawford's car. Crawford consented to having his car searched.

An altercation ensued, and Crawford was taken to the ground. Shane Dunlap assisted in the arrest. Other officers arrived at the parking lot after the incident.

Crawford was taken to Ben Taub Hospital for treatment and then to the Harris County Jail.

On July 7, 2021, Crawford sued: (a) Sims, (b) Serrett, (c) Shane Dunlap, (d) the City of Baytown, (e) Keith Dougherty, (f) Nathanial Brown, (g) Alyssa McDaniel, (h) Ivan Martinez, (i) Bryce Perkins, (j) Brett Rasch, (k) Harris County, (l) Laxman Sundar, (m) Ed Gonzalez, and (n) Kevin Dunlap, for eight violations under 42 U.S.C. § 1983, false imprisonment, and "conspiracy of silence and false-evidence." The defendants have moved to dismiss on various grounds.

2. *Untimely or Improper Service.*

Under federal rule 4 and this court's April 29, 2021, Extension Order, Crawford had until October 5, 2021, to serve all of the defendants. Under federal rule 4(c)(1), he is responsible for properly and timely serving. Under federal rule 4(m), Crawford may have his deadline extended if he shows good cause for his failure to timely serve. Under federal rule 6(b), after the deadline has expired, he may move for an extension if he can show excusable neglect.

As this court fully explained in its November 10, 2021, Order Denying Extension, Crawford has not shown good cause nor excusable neglect.

Under federal rule 4(e), an individual defendant must be served personally and by any means authorized by the state. In Texas, service must be done by a sheriff, constable, or other authorized person, or by mail if signed by the addressee.[1]

Under federal rule 4(j), the City of Baytown must be served on its chief executive officer. In Texas, the officer is the mayor, city clerk, city secretary, or city treasurer.[2]

Crawford largely responds to the untimely service by complaining about the court "sua sponte" allowing the defendants additional time to respond to the complaint. He also reiterates that dismissal with prejudice is too harsh of a penalty. Crawford says that many of the defendants had notice because of a supplemental complaint from November 2020.

The deadline to serve the defendants was October 5, 2021. The court has executed services of summons for:

    (a)    Nathaniel Brown – served on October 9, 2021;
    (b)    Shane Dunlap – served on November 6, 2021;
    (c)    Bret Rasch – served on November 8, 2021;

---

[1] Texas Rules of Civil Procedure §§ 103, 106, 107.

[2] Texas Civil Practice & Remedies Code § 17.042(b).

 (d) Ivan Martinez – served on November 8, 2021;

 (e) Keith Dougherty – served on November 8, 2021;

 (f) Kevin Dunlap – served on November 8, 2021;

 (g) Samuel Serrett – served on November 8, 2021; and

 (h) Alyssa McDaniel – served on November 16, 2021.

The court has nothing that shows when the other defendants were served, but Crawford attests that the others were served on the following:

 (a) City of Baytown – served on October 8, 2021;

 (b) Harris County – served on October 8, 2021;

 (c) Laxman Sundar – served on October 27, 2021;

 (d) Bryce Perkins – served on November 8, 2021; and

 (e) Ed Gonzalez – served on November 13, 2021.

All 13 of these defendants were served late – ranging from three to 42 days.

Crawford's complaining that the court's deadline for responding to the complaint was too long is unavailing, irrelevant, and petty. The court is not convinced that dismissal with prejudice is too harsh considering Crawford's pattern of neglect in this case.

Crawford saying that the defendants were on notice because of a November 2020 supplemental complaint is also barren and insignificant and unconscionably misconstrues reality. The "supplemental complaint" that Crawford refers to is a motion for leave to supplement the complaint – filed November 11, 2020 – with the proposed complaint as an attachment. The error of Crawford's counsel in docketing the motion does not change its legal effect. The electronic docket entry is not binding; the motion is. The defendants are not put on notice by a complaint that was never live and never served on them.

It is Crawford's burden to show that service was proper. Crawford attempted to serve Sundar by mail. The summons was sent by FedEx. A signature was not requested by Crawford's counsel, and none was given. Under Texas law, the service on Sundar was not only untimely but also improper.

The City must be served on one of its executive officers authorized by law. Crawford's counsel again served by FedEx and was signed for by "X Love" who is not one of the authorized officers. Service on the city was both untimely and improper.

Crawford does not respond to either argument about his improper service, so he has effectively acknowledged his error.

Crawford's claims against: (a) the City of Baytown, (b) Perkins, (c) Harris County, (d) Brown, (e) Shane Dunalp, (f) Sundar, (g) Dougherty, (h) Kevin Dunlap, (i) Martinez, (j) Rasch, (k) Serrett, (l) Gonzalez, and (m) McDaniel, will be dismissed.

3. *Kevin Dunlap.*

Kevin Dunlap was left out by Crawford in the case's caption but is listed as an official defendant in the July 7, 2021, First Amended Complaint. Crawford has pleaded that Dunlap is liable for the failure to intervene and the conspiracy of silence and falsifying evidence claims. Crawford also included Kevin Dunlap in his motion for an extension of time to serve and subsequent advisories. Crawford eventually served Kevin Dunlap on November 8, 2021. Kevin Dunlap is included on the docket sheet as a party, so the court felt it was appropriate to address him separately. Regardless of Crawford's mistake in his own caption, he was served 34 days after the deadline and will be dismissed.

4. *Extraneous Party Accusations.*

Crawford also has pleaded that Joseph Mason, Marshall Pigg, Unnamed-Unit 27, Omar Martinez, Austin Lovell, Thomas Brown, and Ken Pascual are "each liable as bystanders" for failing to intervene and are co-conspirators in the

"conspiracy of silence and false-evidence." None were listed as official defendants in the complaint nor served. A photograph of Lovell was included in the complaint. This sort of incendiary and cheap-shot pleading is wholistically unnecessary and deplorable in modern society. Crawford's counsel should be ashamed of herself in hurling insulting and borderline libelous accusations at these officers without allowing them the opportunity to defend their names by not including them as defendants and not serving them. The complaint should be a "short and plain statement" of the facts and claims. This is clearly beyond.

To the extent they may be considered parties in this case, Joseph Mason, Marshall Pigg, Unnamed-Unit 27, Omar Martinez, Austin Lovell, Thomas Brown, and Ken Pascual will be dismissed for untimely service and also being improperly included.

5.   *Qualified Immunity.*

Qualified immunity shields public employees from suit unless they have violated a clearly established right at the time.[3] The conduct must be prohibited under the particular facts of the incident.[4] The protected right must be so clearly established that no objective officer could have reasonably believed the conduct was lawful.[5]

6.   *Laxman Sundar.*

Even if he was properly and timely served, Sundar has also moved to dismiss for failure to state a claim.

Crawford's claim for *Monell* liability under section 1983 against Sundar would be against him in his official capacity. This claim is identical to the *Monell*

---

[3] *Reichle v. Howard*, 566 U.S. 658, 664 (2012).

[4] *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).

[5] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

claim against Harris County. The *Monell* claim against Sundar will be dismissed as a matter of law.

To succeed on a denial of medical care claim under section 1983, Crawford must have adequately pleaded facts that Sundar was deliberately indifferent to his serious medical needs and was personally and directly involved.[6] Deliberate indifference requires that Sundar: (a) was aware of facts to infer a risk of serious harm existed; (b) actually made that inference; and (c) consciously disregarded it.[7]

Crawford says that "Jail Medical Administrator, Dr. Sundar, acted with deliberate indifference to his serious medical needs" by failing to "properly assess, diagnose, and treat Crawford."

Crawford has not pleaded a single fact to support this claim. He gives only two vague legal conclusions. Crawford offers no facts of any action done *by Sundar* that relates to his medical care. This is clearly inadequate to state a claim.

Crawford's claims against Sundar will be dismissed.

7. *Ed Gonzalez.*

Even if he was timely served, Gonzalez has also moved to dismiss for failure to state a claim.

Crawford's claim for *Monell* liability under section 1983 against Gonzalez would be in his official capacity. This is identical to suing the County – of which Gonzalez is an agent.[8] A supervisory county official is only liable if he affirmatively joins the acts that caused the constitutional violation or implemented the unconstitutional policy.[9]

---

[6] *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014).

[7] *Estate of Bonilla v. Orange County*, 982 F.3d 298, 305 (5th Cir. 2020).

[8] *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).

[9] *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

The sole fact that Crawford has pleaded of an unconstitutional policy or custom comes from a 2009 memorandum by the United States Department of Justice. Gonzalez was not the sheriff at the time. Crawford otherwise only gives vague speculation and legal conclusions for Gonzalez's personal involvement in any unconstitutional policy. This is inadequate.

Crawford says that "Sheriff Gonzalez ... acted with deliberate indifference to his serious medical needs" by failing "to properly assess, diagnose, and treat Crawford after he entered the jail."

Crawford again only offers legal conclusions and has not pleaded a single fact of Gonzalez's direct and personal involvement in his medical treatment. Conclusory group pleading is wholistically insufficient to state a claim.

Crawford's claims against Gonzalez will be dismissed.

8. *Harris County.*

Even if service was timely, the County has also moved to dismiss for failing to state a claim.

To state a *Monell* claim against the County, Crawford must have adequately pleaded facts of: (a) a County policy or custom, (b) by a County policymaker, (c) that implemented it with deliberate indifference, and (d) is the moving force behind his constitutional violation.[10]

Crawford says that "Harris County ... acted with deliberate indifference to his serious medical needs" by failing "to properly assess, diagnose, and treat Crawford after he entered the jail." He refers to the 2009 DOJ memorandum for the proposition that the County had an unconstitutional practice of inadequate medical care at the jail. Crawford asserts that DOJ oversight continued for ten years from the memorandum – covering this incident. He also highlights four examples of detainees who got care.

---

[10] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Crawford has pleaded this claim largely with vague accusations and legal conclusions. Using the 2009 memorandum as a custom is inadequate as it is stale, bureaucratic, and irrelevant.

He gives no specific *facts* of an official policy or custom or of deliberate indifference. Attempting to reveal a pattern by referring to four isolated incidents of medical care in jail does not work. Crawford gives no context for his examples, no explanation of similarities to this case, and no findings of inadequate care. This clearly does not meet the numerosity, specificity, and similarity required.

Crawford's claims against Harris County will be dismissed.

9. *Teddy Sims.*

Crawford has pleaded his claims haphazardly and with befuddling disorganization. This court has – to the best of its ability – parsed through the complaint to determine what accusations are made against Sims and under what legal theories.

A. *Fourteenth Amendment – Excessive Force and False Arrest.*

Crawford argues that his excessive force and false arrest claims can be brought under the Fourteenth Amendment in addition to the Fourth Amendment. He says that "The Due Process Clause ... protects a pre-trial detainee from excessive force that amounts to punishment. The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard." Crawford offers no citation or other legal source in support of this proposition.

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."[11] The law is clear that claims for excessive force and false arrest are analyzed under the Fourth Amendment.[12]

To the extent that Crawford's excessive force and false arrest claims are brought under the Fourteenth Amendment, they will be dismissed.

### B. Fourteenth Amendment – Due Process.

Crawford's conspiracy of silence and false-evidence claim is derivative of what appears to be his Fourteenth Amendment due process claim as he has pleaded in the conspiracy claim that the officers "impeded Mr. Crawford's access to the courts by concealing information and falsely charging Mr. Crawford for a crime he did not commit." Because it is derivative, the conspiracy claim will be considered alongside the due process claim as it is the only arguable underlying tort.

Crawford appears to partially make a malicious prosecution argument. A malicious prosecution allegation does not support a federal claim, so it fails as a matter of law.[13]

The other avenue that Crawford seems to have pleaded this claim is under the *Franks* doctrine. This doctrine is expressly analyzed under the Fourth Amendment, so any references to the Fourteenth Amendment in this context are erroneous.[14]

---

[11] *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

[12] *See Manuel v. City of Joliet*, 137 S. Ct. 911, 919-20 (2017); *Graham v. Connor*, 490 U.S. 386, 388 (1989).

[13] *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003).

[14] *Franks v. Delaware*, 438 U.S. 154, 156 (1978).

To state a claim under the *Franks* doctrine, Crawford must have adequately pleaded facts that: (a) Sims knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the warrant affidavit; and (b) the allegedly false statement was necessary to finding probable cause.[15]

Crawford says that Sims "submitted false statements to the Harris County District Attorney's Office to charge and prosecute Mr. Crawford" about him "assault[ing] a police officer during the arrest." He insists that Sims had the "specific intent to cause substantial injury to Mr. Crawford's body and harm to Mr. Crawford's record and reputation." Crawford argues that "it is not possible that Officer Sims had probable cause that Mr. Crawford had committed or was committing an offense."

Crawford again has pleaded legal conclusions. He gives no facts about what factual content was included in the affidavit. He merely just claims whatever false statement was made intentionally. Crawford also had pleaded a bald assumption to suggest that whatever false statement made was necessary for probable cause. This is fully inadequate.

Crawford's due process claim against Sims will be dismissed.

C.   *False Imprisonment.*

Under the Texas Tort Claims Act election of remedies provision, if a public employee is sued based on conduct within the scope of their employment, the suit is in their official capacity, and the claim should have been against the City.[16] It is undisputed that Crawford could have and should have brought his false imprisonment claim against the City.[17]

---

[15] *Id.* at 155-56.

[16] Texas Civil Practice & Remedies Code § 101.106(f).

[17] *See Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011).

Crawford failed to address this argument in his response and has effectively abandoned it.

Crawford's false imprisonment claim against Sims will be dismissed.

10. *Conclusion.*

Kedric Crawford's claims against: (a) Samuel Serrett; (b) Shane Dunlap; (c) the City of Baytown; (d) Keith Dougherty; (e) Nathanial Brown; (f) Alyssa McDaniel; (g) Ivan Martinez; (h) Bryce Perkins; (i) Brett Rasch; (j) Harris County; (k) Laxman Sundar; (l) Ed Gonzalez; and (m) Kevin Dunlap; will be dismissed.

Crawford's Fourteenth Amendment, conspiracy of silence and false-evidence, *Franks* doctrine, and false imprisonment claims against Teddy Sims will be dismissed.

Signed on December 16, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge