United States District Court
Southern District of Texas
**ENTERED**
January 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEDRIC CRAWFORD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-03003 |
| | § | |
| **TEDDY SIMS,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Extension to File Appeal. (Dkt. No. 196). After considering the Motion, the Response, the record, and the applicable law, the Court finds that the Motion should be **GRANTED** for the reasons below.

### I.  BACKGROUND

On October 16, 2024, the Court granted Plaintiff's Unopposed Motion to Sever claims against several Defendants.[1] (Dkt. No. 182). Plaintiff's counsel tried to appeal that order on November 15, 2024, to meet the thirty-day deadline under Rule (a)(1)(A) of the Federal Rules of Appellate PRocedure but could not file the notice because of technical issues. (Dkt. No. 196 at 1). Counsel tried to solve the technical issues by logging on at home and at the office, but the technical issues persisted. (*Id.*). Counsel ultimately filed the notice on November 18, 2024. (*Id.*); (Dkt. No. 194).

---

[1] These Defendants included City of Baytown, Texas, Samuel Serrett, Shane Michael Dunlap, Keith Dougherty, Nathaniel Brown, Alyssa McDaniel, Ivan Martinez, Bryce Perkins, Bret Rasch, and Kevin Dunlap, Harris County, Texas, Ed Gonzalez, and Dr. Laxman Sundar. (Dkt. No. 182).

Counsel learned that the issues were caused by the Southern District of Texas installing server updates on the CM/ECF and PACER[2] systems from 8:00 p.m. on November 15 until 2:00 p.m. on November 17, (*see* Dkt. No. 196-1 at 4); (Dkt. No. 197-1 at 2–4), which had prevented counsel from filing the notice on time.

Because they missed the thirty-day deadline, counsel moved for an extension, asking the Court to deem the late-filed notice as timely under 28 U.S.C. § 2107(c) and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (Dkt. No. 196). Defendant responded, (Dkt. No. 197), and Plaintiff replied, (Dkt. No. 198).

## II.  LEGAL STANDARD

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure permits a district court to extend the time to file a notice of appeal if two conditions are met: (1) a party files an extension motion within thirty days of when the deadline expired and (2) "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "Excusable neglect" and "good cause" are not the same. As the advisory notes to Federal Rule of Appellate Procedure 4 explain, the excusable neglect and good cause standards

> are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

---

[2] Attorneys use the Public Access to Court Electronic Records System ("PACER") and CM/ECF to access docket information or file documents in cases.

Fed. R. App. 4, advisory committee's notes to 2002 amendments.

Generally, "[e]xcusable neglect is a 'somewhat elastic' concept, and should be interpreted accordingly." *Jingping Xu v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 4:10-CV-03711, 2013 WL 6210641, at *1 (S.D. Tex. Nov. 27, 2013) (quoting *United States v. Clark,* 51 F.3d 42, 43–44 (5th Cir. 1995)). In determining excusable neglect under Rule 4(a)(5)(A), courts must undergo an "equitable and flexible" inquiry that "considers all the relevant circumstances." *Id.* (first citing *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007); and then citing *Clark*, 51 F.3d at 43–44). As part of this equitable inquiry, courts apply several factors from the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). *See Hernandez v. Univ. of Texas-Pan Am.*, 729 F.App'x 340, 341 (5th Cir. 2018) (per curiam) (citing *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998)). Those factors include: (1) "'the danger of prejudice'" to the opposing party; (2) "'the length of the delay and its potential impact on judicial proceedings'"; (3) "'the reason for the delay, including whether it was within the reasonable control of the movant'"; and (4) "'whether the movant acted in good faith.'" *Halicki*, 151 F.3d at 468 (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498).

## III.    DISCUSSION

Considering these four factors, the Court finds excusable neglect here.[3] First, the danger of prejudice to Defendant is small. Defendant's motion fails to argue—or even mention—any prejudice that would result from granting an extension. (*See generally* Dkt. No. 197). Instead, Defendant complains generally about the delay and cites a Fifth Circuit case in a footnote that seems to discuss the consequences of delay. (*Id.* at 4 & n.1) (citing *Adams v. Traveler's Indem. Co. of Conn.*, 465 F.3d 156, 161–62 n.9 (5th Cir. 2006)). While any delay could theoretically cause prejudice, Defendant has not explained how this one-day delay actually caused any harm. Defendant cites to no cases holding that the prejudice from a one-day delay is inherently significant, and the Court is unaware of any. Accordingly, the danger of prejudice is minimal here.

Second, the length of Plaintiff's delay and the corresponding impact on the judicial proceedings are also minimal. Counsel filed the notice on Monday, November 18, 2024, (Dkt. No. 194), and it was due Friday, November 15, 2024, (Dkt. No. 196 at 1); (Dkt. No. 197 at 2–4). Plaintiff's counsel thus missed the deadline by one business day, or three calendar days. This delay is minimal. *See, e.g.*, *Jingping Xu*, 2013 WL 6210641, at *2 (finding one-week delay to be minimal); *Hernandez*, 729 F.App'x at 341 (finding one-day

---

[3] The Court does not analyze the good-cause standard. The good-cause standard typically "applies in situations in which there is no fault—excusable or otherwise." Fed. R. App. 4, advisory committee's notes to 2002 amendments. Here, the record shows that there was at least some degree of fault on Plaintiff's part because Plaintiff's counsel did not file the notice of appeal on time, even though the Southern District of Texas appears to have notified users three days before Plaintiff's deadline that it was installing server updates on the CM/ECF and PACER systems. (Dkt. No. 197-1 at 2–4); (*see also* Dkt. No. 196-1 at 4).

4

delay to be minimal); *see also Haskett v. Orange Energy Consultants, LLP*, No. 3:14-CV-00348, 2018 WL 9347901, at *2 (S.D. Tex. Nov. 28, 2018) (finding one-day delay to be excusable).

Third, Plaintiff's justifications for the delay are reasonable. Plaintiff states that an extension is justified here because the delay in filing the notice of appeal was "a result of conditions beyond the Plaintiff's control"—namely, the system-wide maintenance of the PACER and CM/ECF systems of which Plaintiff claims "there was no prior warning." (Dkt. No. 196 at 1). Defendant disagrees, directing the Court to (1) emails that Defendant's counsel received from the Southern District of Texas notifying users of the scheduled maintenance three days before the deadline and (2) Plaintiff's alleged pattern of missing deadlines. (*See* Dkt. No. 197 at 2–4); (*see also* Dkt. No. 197-1 at 2–4).

The Court does not agree that Plaintiff's justifications for the delay are unreasonable. The Court agrees that—contrary to Plaintiff's assertion, (Dkt. No. 196 at 1)—there was prior notice that PACER would be undergoing scheduled maintenance, (Dkt. No. 197-1 at 2–4). But the excusable-neglect standard allows for some degree of fault, including circumstances within the party's control. *See* Fed. R. App. 4, advisory committee's notes to 2002 amendments. So while Plaintiff's counsel missed the warning about the scheduled maintenance, the Court does not find counsel's conduct so unreasonable as to be inexcusable. Counsel made several efforts to resolve the issue, including attempting to file the notice from home and the office. (Dkt. No. 196 at 1). Additionally, counsel reached out to the ECF Help Desk to inquire about the technical difficulties and made another attempt to file the notice of appeal the next day. (Dkt. No.

5

196-1 at 2). These facts show that Plaintiff's counsel acted reasonably and was unaware of the scheduled maintenance. Accordingly, the Court finds that this factor favors Plaintiff.

Finally, Plaintiff's counsel appears to have acted in good faith. Again, counsel repeatedly tried to file the notice of appeal on time and even asked the ECF Help Desk for assistance. (Dkt. No. 196 at 1); (Dkt. No. 196-1 at 2). And while Defendant argues that Plaintiff has shown "a pattern of indifference to deadlines" and an "inability to follow th[is] Court's rules, deadlines[,] and orders," (Dkt. No. 197 at 2, 4), Defendant ultimately concedes that "Plaintiff's untimely appeal is *only* due to Plaintiff's ignorance or inadvertence." (*Id.* at 3) (emphasis added). Therefore, while the Court agrees with Defendant that Plaintiff's counsel erred, the record shows that Plaintiff still acted in good faith.

In sum, the Court finds that the minimal danger of prejudice to Defendants, the short length of delay, Plaintiff's good faith, and Plaintiff's justifiable excuse for the untimely filing of the notice of appeal warrant relief. Thus, the Court will grant an extension under Rule 4(a)(5) and consider Plaintiff's notice of appeal timely filed.

## IV.   CONCLUSION

For the above reasons, Plaintiff's Motion for Extension to File Appeal, (Dkt. No. 196), is **GRANTED**.

It is SO ORDERED.

Signed on January 14, 2025.

                                                                **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**